```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------X
                                         :
HECTOR MOREL,                            :
                                         :    12 Civ. 8830 (DLC)
                           Petitioner,   :
                                         :
               -v-                       :    OPINION & ORDER
                                         :
U.S. PAROLE COMM'N FACILITY ADM.: MS.    :
ARTIS,                                   :
                                         :
                           Respondent.   :
                                         :
-----------------------------------------X
```

APPEARANCES

For the Petitioner:

Hector Morel, pro se
31336-007
c/o Crossland Courier, Inc.
174 Fifth Avenue, Suite 303
New York, NY 10010


For the Respondent:

Rebecca S. Tinio
Assistant United States Attorney
Southern District of New York
86 Chambers Street, 3rd Floor
New York, New York 10007


DENISE COTE, District Judge:

   Hector Morel ("Morel") filed a petition for habeas corpus in this Court, seeking vacatur of an 88 month revocation of supervised release by the United States Parole Commission ("Commission").  This action was stayed pending duplicative

litigation in the U.S. District Court for the Western District of Virginia ("Virginia Court").  Following the lifting of that stay, the Commission moved to dismiss the petition under Rules 12(b)(1) and 12(b)(6), Fed.R.Civ.P.  For the following reasons, the motion is granted.

BACKGROUND

Much of the relevant background is summarized by the Honorable Jackson L. Kiser, of the Virginia Court, in his July 2, 2013 decision.  Morel v. Zych, No. 12-cv-00423, 2013 WL 3336751 (W.D. Va. July 2, 2013) ("Virginia Decision").  The procedural history in the Virginia Decision "is not subject to reasonable dispute," Fed.R.Ev. 201, and thus can be considered by judicial notice.  See, e.g., Kramer v. Time Warner, Inc., 937 F.2d 767, 774 (2d Cir. 1991).

Morel was convicted for distributing cocaine, in violation of the laws of the District of Columbia ("First D.C. Conviction").  On April 20, 2005, Morel was released from prison for this conviction and was placed on a five year term for supervised release.

Sometime thereafter, Morel committed assault with a deadly weapon, also in violation of the laws of the District of Columbia.  On September 29, 2006, Morel was sentenced for the assault charge to 60 months' imprisonment and a three year term

of supervised release ("Second D.C. Conviction").  Meanwhile, the Commission issued a warrant accusing Morel of violating his supervised release under the First D.C. Conviction due to the assault.

On July 10, 2010, Morel completed the 60 month term for the Second D.C. conviction.  Taking time credits into account, Morel served 53 months.  Morel was kept in custody, however, due to the Commission's warrant for his First D.C. Conviction.

On December 16, 2011, the Commission revoked Morel's supervised release for the First D.C. Conviction and imposed an 88 month imprisonment sentence, set to run concurrently with the 53 months already served.  The Commission did not, however, impose another supervised release sentence on the First D.C. Conviction.  Thus, to complete the imprisonment and supervised release portion of the First D.C. Conviction, Morel had to serve an additional 35 months in prison.  This 35 month term began on July 9, 2010, i.e., when the Commission's supervised release warrant went into effect.

On September 6, 2012, Morel filed a petition for a writ of habeas corpus in the Virginia Court ("Virginia Petition"), seeking vacatur of the 88 month revocation of supervised release as to his First D.C. Conviction.  At the time, he was an inmate in the federal penitentiary in Virginia.  At some point thereafter, however, Morel was transferred to a facility in New

York City.  On December 3, 2012, Morel filed a petition for a writ of habeas corpus in this Court ("New York Petition"), also seeking vacatur of the 88 month revocation of supervised release as to his First D.C. Conviction.  Because, as previously recognized, the Virginia Petition and New York Petition are "virtually identical," this Court stayed the present action, pending the conclusion of Virginia proceedings.  Morel v. U.S. Parole Comm'n, 12 Civ. 8830 (DLC), Docket No. 16 (S.D.N.Y. April 30, 2013).

On January 22, 2013, Morel completed the 35 month term remaining on his First D.C. Conviction and was released from custody.  The respondent in the Virginia action moved for dismissal or summary judgment on the ground that the Virginia petition was moot.  Morel, represented in the Virginia action, filed an opposition.

On July 2, the Virginia Decision was issued, dismissing the Virginia Petition as moot.  Morel had failed to establish the existence of collateral consequences, which is necessary to meet the Article III case-or-controversy requirement when the term of supervised release being challenged in his petition has expired. Virginia Decision, 2013 WL 3336751, at *2-*3.  Morel sought a certificate of appealability from the Fourth Circuit, which was denied.  Morel v. Zych, No. 13-7168, 2014 WL 280049 (4th Cir. Jan 27, 2014).

The stay in this action was thus lifted, and the Commission was required to file any motion in this action by April 18. Morel was required to file any opposition by May 16.

On April 18, the Commission moved to dismiss the New York petition under Rules 12(b)(1) and 12(b)(6), Fed.R.Civ.P., contending principally that the Virginia Decision's mootness determination has preclusive effect on this case. Morel did not file an opposition by May 16. Thus the motion was deemed fully submitted as of April 18.

DISCUSSION

"A case is properly dismissed for lack of subject matter jurisdiction under Rule 12(b)(1) when the district court lacks the statutory or constitutional power to adjudicate it." Makarova v. United States, 201 F.3d 110, 113 (2d Cir. 2000). In reviewing a motion to dismiss under Rule 12(b)(1), Fed.R.Civ.P., the court "must accept as true all material factual allegations in the complaint, but [is] not to draw inferences from the complaint favorable to plaintiffs." J.S. ex rel. N.S. v. Attica Cent. Schs., 386 F.3d 107, 110 (2d Cir. 2004) (citation omitted). A district court may consider evidence outside the pleadings when resolving a motion to dismiss for lack of subject matter jurisdiction. Id. "The party invoking federal jurisdiction bears the burden of establishing that jurisdiction

5

exists." Sharkey v. Quarantillo, 541 F.3d 75, 82 (2d Cir. 2008) (citation omitted).

When deciding a motion to dismiss under Rule 12(b)(6), Fed.R.Civ.P., the court must "accept all allegations in the complaint as true and draw all inferences in the non-moving party's favor." LaFaro v. New York Cardiothoracic Group, PLLC, 570 F.3d 471, 475 (2d Cir. 2009). To survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citation omitted). A complaint must do more, however, than offer "naked assertions devoid of further factual enhancement," and a court is not "bound to accept as true a legal conclusion couched as a factual allegation." Id. (citation omitted). Dismissal under Rule 12(b)(6) on grounds of claim or issue preclusion may be warranted if all relevant facts can be established by judicial notice. See Day v. Moscow, 955 F.2d 807, 811 (2d Cir. 1992).

Morel's petition must be dismissed, for at least two reasons. First, the Virginia Court's mootness determination precludes granting relief in this case. Federal law determines the preclusive effect of a federal judgment. Marvel Characters, Inc. v. Simon, 310 F.3d 280, 286 (2d Cir. 2008).

Under federal law, collateral estoppel [or issue

>preclusion] applies when (1) the identical issue was raised in a previous proceeding; (2) the issue was actually litigated and decided in the previous proceeding; (3) the party had a full and fair opportunity to litigate the issue; and (4) the resolution of the issue was necessary to support a valid and final judgment on the merits.

Purdy v. Zeldes, 337 F.3d 253, 258 (2d Cir. 2003) (citation omitted). Issue preclusion applies to jurisdictional questions, such as mootness, so long as the jurisdictional issue is identical. See 18A Charles Alan Wright & Arthur R. Miller, Federal Practice & Procedure § 4436 (2d ed. 2012).

All four requirements for collateral estoppel are met here. Most important, the jurisdictional issue raised is identical: whether Morel has Article III standing to challenge the same expired 88 month supervised release sentence. Moreover, Morel was represented in the Virginia proceedings, and he exercised his right to appeal. Finally, the mootness issue was actually litigated and dispositive. Accordingly, issue preclusion bars relief, and the motion to dismiss for failure to state a claim upon which relief may be granted, under Rule 12(b)(6), Fed.R.Civ.P., is granted.

Second, even if collateral estoppel were not to apply, this Court would reach the independent conclusion that this case is moot. To meet the Article III case-or-controversy requirement, a habeas petitioner whose sentence has expired, as here, must demonstrate "some concrete and continuing injury other than the

7

now-ended incarceration or parole -- some 'collateral consequence' of the conviction." Spencer v. Kemna, 523 U.S. 1, 7 (1998).  When a habeas petitioner attacks the wrongful termination of supervised release, as opposed to the underlying conviction, the petitioner bears the burden of "identifying specific, concrete collateral consequences that attached to the conviction as a matter of law."  Id. at 9.

   Here, Morel's habeas petition identifies no such collateral consequences.  Morel has completed both the imprisonment and supervised release aspects of his First D.C. conviction, and any other consequences that may flow from the supervised release revocation are insufficiently probable to satisfy Article III's requirements.  See id. at 14-17.  Because Morel is proceeding pro se and has not opposed the present motion, the Court has carefully reviewed the petition to identify any such consequences and found none.  Accordingly, the motion to dismiss is also granted under Rule 12(b)(1), for lack of jurisdiction.

CONCLUSION

The petitioner's December 3, 2012 petition for a writ of habeas corpus is dismissed under Rules 12(b)(1) and 12(b)(6), Fed.R.Civ.P.  In addition, a certificate of appealability shall not be granted.  The petitioner has not made a substantial showing of a denial of a federal right and appellate review is, therefore, not warranted.  Tankleff v. Senkowski, 135 F.3d 235, 241 (2d Cir. 1998); Rodriquez v. Scully, 905 F.2d 24, 24 (2d Cir. 1990).  Pursuant to 28 U.S.C. § 1915(a)(3), any appeal from this Opinion and Order would not be taken in good faith.  Coppedge v. United States, 369 U.S. 438, 445 (1962).  The Clerk of Court shall close the case.


	SO ORDERED:

Dated:	New York, New York
	May 27, 2014


				_____
				DENISE COTE
				United States District Judge

```
COPIES MAILED TO:


Hector Morel
31336-007
c/o Crossland Courier, Inc.
174 Fifth Avenue, Suite 303
New York, NY 10010
```